UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
MARY VASTA                                              :     Civil Action No. _____
                                                        :
                    Plaintiff,                          :
                                                        :
     -against- .                                        :     **NOTICE OF REMOVAL**
                                                        :
HILTON WORLDWIDE HOLDINGS INC f/k/a                     :
HILTON HOTELS CORPORATION and HILTON                    :
ARUBA CARIBBEAN RESORT & CASINO,                        :     (Removed from Supreme Court,
                                                        :     Westchester County - Index #:
                    Defendants.                         :     56571/2022)
---------------------------------------------------------------x

**PLEASE TAKE NOTICE** that HILTON WORLDWIDE HOLDINGS INC. ("Hilton Holdings" or "Defendant"), by and through its undersigned counsel, hereby gives notice of removal of this Action from the Supreme Court of the State of New York, County of Westchester, where it is pending under Index No. 56571/2022, to the United States District Court for the Southern District of New York. The case is properly removed pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and S.D.N.Y. Local Civil Rule 81.1 from the Supreme Court, Westchester County to the United States District Court for the Southern District of New York. Defendant respectfully states the following:

## THE STATE COURT ACTION

1.      On or about February 17, 2022, plaintiff filed a Summons and Verified Complaint in Supreme Court, Westchester County bearing Index No. 56571/2022, and naming Hilton Holdings "f/k/a Hilton Hotels Corporation and Hilton Aruba Caribbean Resort & Casino," as

defendants.[1] A true and correct copy of the Summons and Verified Complaint dated February 17, 2022, is annexed hereto as **Exhibit "A."**

2. Defendant Hilton was served through an agent for service in the State of Delaware on March 10, 2022. Defendant "Hilton Aruba Caribbean Resort & Casino" is not a legal entity and therefore has never been served.

3. Plaintiff Mary Vasta claims to be a resident of the State of New York at all relevant times. *See* Ex. A, ¶ 2.

4. In her complaint, Plaintiff seeks damages for injuries allegedly sustained when she tripped and fell on the sidewalk near the front entrance of the "Hilton Aruba Caribbean Resort & Casino" located at J.E. Irausquin Boulevard, Palm Beach, Aruba on December 6, 2019. *See* Ex. A. ¶¶'s 4 and 5. Plaintiff asserts causes of action for negligence and seeks monetary damages believed to be in excess of $500,000. *See* Ex. A. ¶¶'s 5-9.

5. This Supreme Court action is a suit of a wholly civil nature of which the District Court has original jurisdiction under 28 U.S.C. §§ 1332, and is one that may be removed by petition pursuant to 28 U.S.C. § 1441(a) and (b).

## DIVERSITY JURISDICTION

6. This action is removable on the basis of diversity.

7. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

---

[1] Hilton Holdings Inc. is incorrectly named as "Hilton Worldwide Holdings Inc f/k/a Hilton Hotels Corporation" in the lawsuit. Hilton Holdings is the holding company of the Hilton enterprise.  Hilton Hotels Corporation became Hilton Worldwide Inc.  Hilton Worldwide Inc. (now known as Park Hotels & Resorts Inc)  was spun off from Hilton Holdings in 2017.

8. This action satisfies the complete diversity requirement of 28 U.S.C. § 1332(a)(1).

9. Plaintiff declares in the Complaint that she is a resident of the State of New York. *See* Ex. A. ¶ 2.

10. Defendant Hilton Holdings is a Delaware Corporation with its principal place of business in Virginia. Hilton Holdings is not a resident of New York.

11. Defendant Hilton Aruba Caribbean Resort & Casino is not a legal entity, therefore they have not been served with the Complaint and have no legal status to be a party in this lawsuit. Accordingly, Hilton Aruba Caribbean Resort & Casino is not a resident of New York.

12. Therefore, complete diversity of citizenship exists amongst the parties pursuant to 28 U.S.C. §1332. Plaintiff is a citizen of the State of New York, and Hilton Holdings is a Delaware Corporation with its principal place of business in Virginia.

13. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a), as plaintiff has placed more than $75,000 in controversy. Specifically, the Complaint seeks damages in an amount "to be determined by this Court, but believed to be not less than the sum of $500,000." *See* Ex. A. ¶ 9. Thus, this action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, exclusive of interests and costs.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

14. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

15. Under section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

LEGAL\57477641\1

16. Plaintiffs filed this action in the Supreme Court of the State of New York, Westchester County.

17. Removal is appropriate to the United States District Court for the Southern District of New York as the Court corresponds to the judicial district embracing Westchester County, the place where the action was brought, and, therefore, the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

18. Plaintiff filed the Summons and Complaint on February 17, 2022. The Complaint was served on an agent for service for Hilton Worldwide on March 10, 2022. Accordingly, this Notice of Removal has been timely filed under 28 U.S.C. § 1446(b).

19. Pursuant to 28 U.S.C. § 1446(a), Sunwing is simultaneously filing with this Notice of Removal true and correct copies of all process, pleadings, orders and other papers or exhibits on file in the Supreme Court of the State of New York, Westchester County.

20. Additionally, in accordance with 28 U.S.C. § 1446(d), a Notice of Filing of this Notice of Removal will be filed with the Supreme Court of New York, Westchester County contemporaneously with the filing of this Notice of Removal, and written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit "B"**.

21. In filing this Notice of Removal, Hilton Holdings denies that Plaintiff has stated a claim for which relief may be granted and denies that Plaintiff has been damaged in any manner. Defendant does not waive, and specifically reserves, any and all defenses, exceptions, rights, and motions, including Fed. Rule 12(b) motion to dismiss.

WHEREFORE, Defendant Hilton Holdings requests that this Notice of Removal be filed and said action be removed to proceed in this Court and that no further proceedings be held in the Supreme Court of the State of New York, Westchester County.

Respectfully submitted this 11th day of April, 2022.

Dated: New York, New York
April 11, 2022

        Yours, etc.,

        COZEN O'CONNOR

        */s/ Daniel Goodstadt*

By:  Daniel J. Goodstadt, Esq.
      *Attorneys for Defendant*
      *Hilton Worldwide Holdings Inc.*
      3 WTC, 175 Greenwich Street, 55th Floor
      New York, New York 10007
      (212) 509-9400
      dgoodstadt@cozen.com

TO:

Feinstein & Naishtut, LLP
Attorneys for Plaintiff
211 South Ride Street
Rye Brook, New York 10573
(914) 939-0002

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
MARY VASTA,

                                Plaintiff,

      -against-

HILTON WORLDWIDE HOLDINGS, INC. f/k/a
HILTON HOTELS CORPORATION and HILTON
ARUBA CARIBBEAN RESORT & CASINO,

                              Defendants.
-----------------------------------------------------------------X

Index No.
Plaintiff designates
**WESTCHESTER**
County as the place of trial

The basis of the venue is
The plaintiff resides in
Westchester County

***SUMMONS***

Plaintiff's residence:
31 Marble Avenue
Pleasantville, NY 10570

To the above-named Defendants:

      ***You are hereby summoned*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: July 15, 2019

                                                    _____
                                                    Steven D. Feinstein, Esq.
                                                    Feinstein & Naishtut, LLP
                                                    Attorney for plaintiff
                                                    211 South Ridge Street
                                                    Rye Brook, New York 10573
                                                    (914) 939-0002

Defendants Address:

HILTON WORLDWIDE HOLDINGS, INC. f/k/a
HILTON HOTELS CORPORATION
55 Church Street
New York, NY 10007

HILTON ARUBA CARIBBEAN RESORT & CASINO
J.E. Irausquin Boulevard 81
Palm Beach, Aruba

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
MARY VASTA,

         Plaintiff,

-against-

HILTON WORLDWIDE HOLDINGS, INC. f/k/a
HILTON HOTELS CORPORATION and HILTON
ARUBA CARIBBEAN RESORT & CASINO,

         Defendants,
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index no:

1. The plaintiff, MARY VASTA, by her attorneys, Feinstein & Naishtut, LLP, as and for her complaint against defendants, HILTON WORLDWIDE HOLDINGS, INC. f/k/a HILTON HOTELS CORPORATION and HILTON ARUBA CARIBBEAN RESORT & CASINO, respectfully alleges as follows:

2. At all times hereinafter mentioned, the plaintiff was and still is a resident of Westchester County, State of New York.

3. Upon information and belief, defendant HILTON WORLDWIDE HOLDINGS, INC. f/k/a HILTON HOTELS CORPORATION, is A Delaware Corporation with offices for the conduct of business in New York that manages and franchises a broad portfolio of hotels and resorts, including, but not limited to, defendant HILTON ARUBA CARIBBEAN RESORT & CASINO, located at J.E. Irausquin Boulevard 81, Palm Beach, Aruba, (hereinafter "the subject premises").

4. Upon information and belief, defendant HILTON ARUBA CARIBBEAN RESORT & CASINO, (hereinafter "Hotel") is an oceanfront beach resort and casino located at J.E. Irausquin Boulevard, 81 Palm Beach, Aruba that is owned and/or managed by Hilton Worldwide Holdings, Inc.

5. On or about the 6th day of December 2019, the plaintiff was lawfully upon the Subject Premises described above, when she was caused to trip and fall to the ground while lawfully walking on the sidewalk near the Hotel's front entrance, due to the negligence of the defendants and the

defective and/or dangerous condition caused or permitted by them to exist thereat, thereby sustaining personal injuries as hereinafter alleged.

6. The defendants have a duty as the owners and operators of the Subject Premises to maintain and care for the walkways and/or sidewalks at and near the main entrance of the subject premises and at all times to keep the same in good repair and in a safe condition, free from all obstructions and encumbrances, including, but not limited to, providing adequate design, installation and the maintenance of sufficient lighting and designing the sidewalks to be readily distinguishable from the adjacent curb leading to the driveway serving the subject Premises..

7. The negligence of the defendants consisted of, among other things:

   a. the negligent design, maintenance and care of said premises;

   b. in permitting a part of the defendants' premises as described above, to remain in a dangerous and/or defective condition and a hazard to the public;

   c. in failing to warn members of the general public, and in particular, the plaintiff of the dangerous and defective condition of said premises;

   d. in failing to correct said dangerous and unsafe condition;

   e. in failing to maintain the aforesaid premises in a safe condition;

   f. in failing to furnish a reasonably safe means of ingress and egress from the entrance to the Hotel to J.E. Irausquin Boulevard, a public thoroughfare in front of the Hotel;

   g. in failing to abide by the rules and regulations pertaining to the construction and maintenance of public premises;

   h. in permitting said sidewalk / walkway lighting to be improperly and dangerously insufficient and improperly maintained;

      i.    in negligently designing the sidewalk and adjacent curb leading to the driveway serving the premises from the pubic thoroughfare in front of the Hotel so that the sidewalk could be readily distinguished from the adjacent curb, particularly at night;

      j.    in failing to provide adequate warning devices, such as contrast color paint or reflective material to differentiate the edge of the sidewalk from the vehicular roadway in front of the Hotel which is at the lower elevator from the adjacent sidewalk.

      k.    in failing to correct a dangerous and unsafe condition of which the defendants knew, or in the exercise of reasonable care, should have known and/or created;

8.    The incident occurring at the aforesaid date and location, and the injuries sustained by the plaintiff as a result thereof, were caused solely by the negligence of the defendants.

9.    As a result of the negligence of the defendants and the incident resulting therefrom, the plaintiff sustained severe, permanent and personal injuries, including but not limited to fractures of the head of the left humerus and the proximal end of the left humerus, as well as a fracture of the right elbow, pain and suffering, permanent impairments, mental anguish, emotional distress, unreimbursed medical expenses and loss of earnings, all to her damage in an amount to be determined by this Court, but believed to be not less than the sum of $500,000.00.

**WHEREFORE**, the Plaintiff demands judgment against the defendants in the sum of not less than $500,000.00, plus the costs and disbursements of this action, and for such other and further relief as to the Court may deem just and proper.

Dated: February 8, 2022

Yours, etc.

_____
Steven D. Feinstein, Esq.
Feinstein & Naishtut, LLP
Attorney for plaintiff
211 South Ridge Street
Rye Brook, NY 10573
(914) 939-0002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
MARY VASTA,

                    Plaintiff,

       -against-

HILTON WORLDWIDE HOLDINGS, INC., f/k/a
HILTON HOTELS CORPORATION and HILTON
ARUBA CARRIBBEAN RESORT & CASINO,

                    Defendants.
-----------------------------------------------------------------X

VERIFICATION

Index no:

STATE OF NEW YORK    )
                                    )ss.:
COUNTY OF WESTCHESTER  )

I, MARY VASTA, being duly sworn, deposes and says: I am the plaintiff in the action herein: I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
MARY VASTA

SWORN TO BEFORE ME THIS 10th
DAY OF FEBRUARY 2022

_____
NOTARY PUBLIC

STEVEN D. FEINSTEIN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 4864761
Qualified in Westchester County
Commission Expires June 16, 20 22